# U.S. District Court
## District of New Jersey [LIVE] (Camden)
## CRIMINAL DOCKET FOR CASE #: 1:25-mj-04115-MJS All Defendants

Case title: USA v. PINO-COPETE

Date Filed: 12/09/2025

Date Terminated: 12/09/2025

Assigned to: Magistrate Judge Matthew J. Skahill

**Defendant (1)**
**LUIS PINO-COPETE**
*TERMINATED: 12/09/2025*

represented by **THOMAS J. YOUNG**
OFFICE OF THE FEDERAL PUBLIC DEFENDER
800-840 COOPER STREET
SUITE 350
CAMDEN, NJ 08101
(856) 757-5341
Email: thomas_young@fd.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or Community Defender Appointment*

**Pending Counts**                                              **Disposition**
None

**Highest Offense Level (Opening)**
None

**Terminated Counts**                                           **Disposition**
None

**Highest Offense Level (Terminated)**
None

**Complaints**                                                  **Disposition**

18:1349 CONSPIRACY TO COMMIT WIRE FRAUD

---

**Plaintiff**

| | | |
|---|---|---|
| USA | represented by | **JOSEPH MCFARLANE**<br>DOJ-USAO<br>401 MARKET STREET, FOURTH FLOOR<br>CAMDEN, NJ 08101<br>856-968-4863<br>Email: joseph.mcfarlane@usdoj.gov<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Assistant US Attorney* |

| Date Filed | # | Docket Text |
|---|---|---|
| 12/09/2025 | | Arrest (Rule 5) of LUIS PINO-COPETE (rss, ) (Entered: 12/09/2025) |
| 12/09/2025 | 1 | Rule 5 Documents Received as to LUIS PINO-COPETE (rss, ) (Entered: 12/09/2025) |
| 12/09/2025 | 2 | Minute Entry for proceedings held before Magistrate Judge Matthew J. Skahill:Initial Appearance in Rule 5 Proceedings as to LUIS PINO-COPETE held on 12/9/2025: Defendant advised of rights, charges and penalties. Hearing on defendant's application for the appointment of counsel. Financial affidavit executed on the record. Ordered application granted. Thomas Young, AFPD appointed counsel for defendant. Defendant waives formal reading of complaint. Defendant waives Identity Hearings. Order re: Rule5(f) read into the record. Hearing on defendant's application for release. Hearing on government's application for detention. Ordered Defendant's application DENIED without prejudice. Ordered Defendant remanded to the custody of the U.S. Marshal Service pending further Order of the Court. (rss, ) (Entered: 12/09/2025) |
| 12/09/2025 | 3 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to LUIS PINO-COPETE. THOMAS J. YOUNG for LUIS PINO-COPETE appointed. Signed by Magistrate Judge Matthew J. Skahill on 12/9/2025. (rss, ) (Entered: 12/09/2025) |
| 12/09/2025 | 4 | ORDER advising of the United States' continuing obligation to produce all exculpatory evidence to the defendant pursuant to *Brady v. Maryland*. Signed by Magistrate Judge Matthew J. Skahill on 12/9/2025. (rss, ) (Entered: 12/09/2025) |
| 12/09/2025 | 5 | ORDER OF DETENTION as to LUIS PINO-COPETE. Signed by Magistrate Judge Matthew J. Skahill on 12/9/2025. (rss, ) (Entered: 12/09/2025) |
| 12/09/2025 | 6 | COMMITMENT TO ANOTHER DISTRICT as to LUIS PINO-COPETE. Defendant committed to Northern District of New York. Signed by Magistrate Judge Matthew J. Skahill on 12/9/2025. (rss, ) (Entered: 12/09/2025) |
| 12/09/2025 | 7 | Transfer Letter sent to Northern District of New York re: LUIS PINO-COPETE (rss, ) (Entered: 12/09/2025) |

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
OFFICE OF THE CLERK
M. L. KING JR. FEDERAL BLDG. & U.S. COURTHOUSE
50 WALNUT STREET, P.O. BOX 419
NEWARK, NJ  07101-0419
(973) 645-3730

CAMDEN OFFICE
ONE JOHN F. GERRY PLAZA
FOURTH & COOPER STREETS
CAMDEN, NJ 08101

TRENTON OFFICE
402 EAST STATE STREET
Room 2020
TRENTON, NJ 08608



Melissa E. Rhoads
Clerk

REPLY TO:   Camden

December 9, 2025

US District Court
Northern District of New York
James T. Foley Courthouse
Suite 509
445 Broadway
Albany, NY 12207

**Re: U.S.A. -v- Luis Pino-Copete**
**Our Docket No. 25-mj-4115 (MJS)**
**Your Docket No. 1:25-cr-411 (AJB)**

Dear Clerk:

   Please be advised that an Initial Appearance was held in the above-captioned case pursuant to Rule 5 of the Federal Rules of Criminal Procedure.  You can obtain the original record by accessing CM/ECF through PACER. Kindly acknowledge receipt on the duplicate of this letter, which is provided for your convenience.

                              Sincerely,

                              MELISSA E. RHOADS, Clerk


                         By:    s/Ryan Sanders
                                 Deputy Clerk


**RECEIPT ACKNOWLEDGED BY:** _____
**DATE:** _____

DNJ-Crim-004(Rev. 09/06)

## Instructions for Retrieving Electronic Case Files

1. Access the CM/ECF website for the District of New Jersey at https://ecf.njd.uscourts.gov

2. Click on:    Link to Electronic Filing System (Live)

3. At the ECF/PACER Login Screen, enter your Court=s PACER Login and Password

4. On the CM/ECF toolbar, choose:

    $    Reports
    $    Docket Sheet
    $    Enter Case Number in the following format: **[06mj1234]**
    $    Run Report

    <    To view a document from the docket sheet, click on the blue Aunderlined@ document number;

    <    To download, click on File, Save a Copy and save to your specific directory;

    <    If the document does not have an underlined document number, it is either:

        $    A text only entry and no document is attached, or
        $    An entry made prior to electronic case filing and the original is enclosed, or
        $    The document included an attachment too large for the electronic case filing system and is enclosed.

If you have any questions, our ECF help-desk telephone numbers are as follows:

    <    Camden - 866-726-0726 or 856-757-5285
    <    Newark - 866-208-1405 or 973-645-5924
    <    Trenton - 866-848-6059 or 609-989-2004

AO 94 (Rev. 06/09) Commitment to Another District

# UNITED STATES DISTRICT COURT
for the
District of New Jersey

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| | ) | Case No.  25-mj-4115 (MJS) |
| LUIS PINO-COPETE | ) | |
| | ) | Charging District's |
| _Defendant_ | ) | Case No.  1:25-cr-411 (AJB) |

## COMMITMENT TO ANOTHER DISTRICT

The defendant has been ordered to appear in the   Northern   District of  New York  ,
_(if applicable)_ _____ division. The defendant may need an interpreter for this language:
_____ .

The defendant:   ☐ will retain an attorney.
                 ☒ is requesting court-appointed counsel.

The defendant remains in custody after the initial appearance.

**IT IS ORDERED:** The United States marshal must transport the defendant, together with a copy of this order, to the charging district and deliver the defendant to the United States marshal for that district, or to another officer authorized to receive the defendant. The marshal or officer in the charging district should immediately notify the United States attorney and the clerk of court for that district of the defendant's arrival so that further proceedings may be promptly scheduled. The clerk of this district must promptly transmit the papers and any bail to the charging district.

Date:   12/09/2025

_Judge's signature_

Matthew J. Skahill, U.S.M.J.
_Printed name and title_

AO 472 (Rev. 1/25) Order of Detention Pending Trial

# UNITED STATES DISTRICT COURT
for the
_____ District of \_\_New Jersey\_\_

| | |
|---|---|
| United States of America<br>v.<br>LUIS PINO-COPETE<br>*Defendant* | )<br>)<br>) Case No. 25-mj-4115 (MJS)<br>)<br>) |

## ORDER OF DETENTION PENDING TRIAL

### Part I - Eligibility for Detention

Upon the

☐ **A.** Motion of the Government for a detention hearing pursuant to 18 U.S.C. § 3142(f)(1) because the defendant is charged with:

   ☐ **(1)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

   ☐ **(2)** an offense for which the maximum sentence is life imprisonment or death; **or**

   ☐ **(3)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501–70508); **or**

   ☐ **(4)** any felony if such person has been convicted of two or more offenses described in Subparagraphs (1) through (3) of this paragraph or two or more of such offenses if a circumstance giving rise to federal jurisdiction had existed, or a combination thereof; **or**

   ☐ **(5)** any felony that is not otherwise a crime of violence but involves **(a)** a minor victim; **(b)** the possession of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(c)** any other dangerous weapon; or **(d)** a failure to register under 18 U.S.C. § 2250;

   **OR**

☑ **B.** Motion of the Government or the Court's own motion for a detention hearing pursuant to 18 U.S.C. § 3142(f)(2) because the case involves:

   ☑ **(1)** a serious risk that the defendant will flee if released; **or**

   ☑ **(2)** a serious risk that the defendant will obstruct or attempt to obstruct justice or threaten, injure, or intimidate, or attempt to threaten, injure, or intimidate a prospective witness or juror if released.

The Court found that the Government established one or more of the factors above, held a detention hearing, and found that detention is warranted. This order sets forth the Court's findings of fact and conclusions of law, as required by 18 U.S.C. § 3142(i), in addition to any other findings made at the hearing.

AO 472 (Rev. 1/25) Order of Detention Pending Trial

## Part II - Findings of Fact and Law as to Presumptions under § 3142(e)

☐ **A. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(2)** *(previous violator)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community because the following conditions have been met:

  ☐ **(1)** the defendant is charged with one of the following crimes described in 18 U.S.C. § 3142(f)(1):

   ☐ **(a)** a crime of violence, a violation of 18 U.S.C. § 1591, or an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed; **or**

   ☐ **(b)** an offense for which the maximum sentence is life imprisonment or death; **or**

   ☐ **(c)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46, U.S.C. (46 U.S.C. §§ 70501–70508); **or**

   ☐ **(d)** any felony if such person has been convicted of two or more offenses described in subparagraphs (a) through (c) of this paragraph, or two or more State or local offenses that would have been offenses described in subparagraphs (a) through (c) of this paragraph if a circumstance giving rise to federal jurisdiction had existed, or a combination of such offenses; **or**

   ☐ **(e)** any felony that is not otherwise a crime of violence that involves:
   **(i)** a minor victim; **(ii)** the possession or use of a firearm or destructive device (as defined in 18 U.S.C. § 921); **(iii)** any other dangerous weapon; or **(iv)** a failure to register under 18 U.S.C. § 2250; **and**

  ☐ **(2)** the defendant has been convicted of a federal offense that is described in 18 U.S.C. § 3142(f)(1), or of a State or local offense that would have been such an offense if a circumstance giving rise to federal jurisdiction had existed; **and**

  ☐ **(3)** the offense described in paragraph (2) above for which the defendant has been convicted was committed while the defendant was on release pending trial for a federal, State, or local offense; **and**

  ☐ **(4)** a period of not more than five years has elapsed since the date of conviction, or the release of the defendant from imprisonment, for the offense described in paragraph (2) above, whichever is later.

☐ **B. Rebuttable Presumption Arises Under 18 U.S.C. § 3142(e)(3)** *(narcotics, firearm, other offenses)*: There is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community because there is probable cause to believe that the defendant committed one or more of the following offenses:

  ☐ **(1)** an offense for which a maximum term of imprisonment of 10 years or more is prescribed in the Controlled Substances Act (21 U.S.C. §§ 801–904), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951–971), or Chapter 705 of Title 46 (46 U.S.C. §§ 70501–70508);

  ☐ **(2)** an offense under 18 U.S.C. §§ 924(c), 956(a), or 2332b;

  ☐ **(3)** an offense listed in 18 U.S.C. § 2332b(g)(5)(B) for which a maximum term of imprisonment of 10 years or more is prescribed;

  ☐ **(4)** an offense under Chapter 77 of Title 18 (18 U.S.C. §§ 1581–1597) for which a maximum term of imprisonment of 20 years or more is prescribed; **or**

  ☐ **(5)** an offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1), 2252(a)(2), 2252(a)(3), 2252A(a)(1), 2252A(a)(2), 2252A(a)(3), 2252A(a)(4), 2260, 2421, 2422, 2423, or 2425.

☐ **C. Application of Any Presumption Established Above**

  ☐ The defendant has not rebutted the presumption.
  **OR**
  ☐ The defendant has rebutted the presumption.

AO 472 (Rev. 1/25) Order of Detention Pending Trial

## Part III - Analysis and Statement of the Reasons for Detention

After considering any applicable presumption, the nature and circumstances of the defendant's alleged conduct, the defendant's history and characteristics, the other factors set forth in 18 U.S.C. § 3142(g), the information presented at the detention hearing, and the available conditions of release under 18 U.S.C. § 3142(c), the Court concludes that the defendant must be detained pending trial because the Government has proven:

☐ By clear and convincing evidence that no condition or combination of conditions of release will reasonably assure the safety of any other person and the community.

☒ By a preponderance of evidence that no condition or combination of conditions of release will reasonably assure the defendant's appearance as required.

The reasons for detention include the following checked items (*After this list, add any additional items or explanations as needed to comply with the requirement for a written statement of reasons under 18 U.S.C. § 3142(i).*):

☐ The offense charged is a crime of violence, a violation of § 1591, a federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device.
☐ Weight of evidence against the defendant is strong.
☐ Subject to lengthy period of incarceration if convicted.
☐ Lack of significant family or other ties to the community.
☐ Significant family or other ties outside the United States.
☐ Lack of legal status in the United States.
☐ Subject to removal or deportation after serving any period of incarceration.
☐ Lack of stable residence.
☐ Lack of stable employment.
☐ Lack of financially responsible sureties.
☐ Prior attempt(s) to evade law enforcement.
☐ Use of alias(es) or false documents.
☐ History of alcohol or substance abuse.
☐ Prior criminal history.
☐ History of violence or use of weapons.
☐ Prior violations of probation, parole, or supervised release.
☐ Prior failure to appear in court as ordered.
☐ On probation, parole, and/or release pending trial, sentence appeal, or completion of the sentence at the time of the alleged offense.
☐ Participation in criminal activity while on probation, parole, or supervision.
☐ The defendant's release poses serious danger to any person or the community.

AO 472 (Rev. 1/25) Order of Detention Pending Trial

OTHER REASONS OR FURTHER EXPLANATION:

Detention ordered for the reasons set forth on the record.

### Part IV - Directions Regarding Detention

The defendant is remanded to the custody of the Attorney General or to the Attorney General's designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant must be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility must deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Date: 12-9-25

_____
U.S. Magistrate Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA, | Mag No. 25-4115(MJS) |
| v. | ORDER |
| LUIS PINO-COPETE, | |
| Defendant. | |

Pursuant to Rule 5(f) of the Federal Rules of Criminal Procedure, and as set forth on the record during the initial appearance of the defendant on this 9 day of December, 2025, in the presence of both the prosecutor and defense counsel in this matter, the Court confirms the United States' continuing obligation to produce all exculpatory evidence to the defendant pursuant to *Brady v. Maryland*, 373 U.S. 83 (1963) and its progeny, and orders it to do so. Failing to do so in a timely manner may result in consequences, including, but not limited to, the Court's order to produce information, the granting of a continuance, the exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, or sanctions by the Court.

_____
Hon. Matthew J. Skahill
United States Magistrate Judge

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | ORDER |
| VS. | |
| LUIS PINO-COPETE | MAGISTRATE NO. 25-4115(MJS) |

The financial ability of the defendant to retain counsel having been established by the Court, and the defendant not having waived the appointment of counsel,

It is on this __9th__ day December, 2025

ORDERED that K. Anthony Thomas, Federal Public Defender (Tom Young, AFPD) for the District of New Jersey, is hereby appointed to represent said defendant in this case until further Order of the Court.

_____
MATTHEW J. SKAHILL
UNITED STATES MAGISTRATE JUDGE

cc: Federal Public Defender

## UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY
Minutes of Proceedings

**OFFICE:** CAMDEN  **DATE:** December 9, 2025

**JUDGE MATTHEW J. SKAHILL, U.S.M.J.**

**COURT REPORTER:** ECR

**OTHER**: Letitia Blackwell, U.S. Pretrial Services

**TITLE OF CASE:**  **DOCKET NO. 25-mj-4115 (MJS)**
UNITED STATES OF AMERICA
  v.
LUIS PINO-COPETE

**DEFENDANT PRESENT**

**APPEARANCES:**
Joseph McFarlane, AUSA for Government
Thomas Young, AFPD for Defendant

**NATURE OF PROCEEDINGS:**   Rule 5 - Initial Appearance
Defendant advised of rights, charges and penalties.
Hearing on defendant's application for the appointment of counsel.
Financial affidavit executed on the record.
Ordered application granted. Thomas Young, AFPD appointed counsel for defendant.
Defendant waives formal reading of complaint.
Defendant waives Identity Hearings.
Order re: Rule5(f) read into the record.
Hearing on defendant's application for release.
Hearing on government's application for detention.
Ordered Defendant's application DENIED without prejudice.
Ordered Defendant remanded to the custody of the U.S. Marshal Service pending further Order of the Court.

*s/Ryan Sanders*
**DEPUTY CLERK**

**TIME COMMENCED:** 2:54 p.m.   **TIME ADJOURNED:** 3:32 p.m.
**TOTAL TIME:** 38 minutes