IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) Criminal No.   1:25-cr-0411-AJB |
| | ) |
| v. | ) |
| | ) |
| **JAEL WATTS and LUIS PINO-COPETE,** | ) |
| | ) |
| Defendant. | ) |

## STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Criminal Procedure 16(d), the United States of America (the "Government"), Defendant Luis Pino-Copete ("Defendant"), and Defendant's defense counsel, James Knox, Esq., hereby stipulate to the following, and the Court therefore orders:

1. Pursuant to its obligations under applicable law, the Government will provide defense counsel with materials containing personal identifying information of real persons, such as dates of birth and Social Security numbers, as well as the identities of witnesses and victims (collectively, "Restricted Information").

2. Documents or electronic devices containing Restricted Information will be marked in the production (such as marked as "Subject to Protective Order") and the Restricted Information therein will not be further disseminated or disclosed except as permitted under this Protective Order.

3. Numerous federal courts have endorsed protective orders like the one requested here based on protecting third-party privacy interests. *See, e.g.*, *United States v. Amodeo*, 71 F.3d 1044, 1048-50 (2d Cir. 1995) (qualified right of access to judicial documents may yield to, among other things, the "privacy interests of innocent third parties" and the "danger of impairing law enforcement").

4. The Defendant, defense counsel, and defense counsel's office staff, experts, and consultants (collectively, the "Defense") are prohibited from disclosing or disseminating any discovery material produced by the Government in this case, to any person or entity without express permission of the Government or the Court. Specifically, the Defense is prohibited from copying, using, or disseminating any Restricted Information of any individual identified in the Government's discovery with any person other than a member of the Defense.

5. The Defense and Defendant shall use the Restricted Information solely and exclusively in connection with this case (including investigation, trial preparation, trial, appeal, and post-conviction litigation), and not for any other purpose.

6. Copies of any discovery containing Restricted Information shall be maintained in a safe and secure manner.

7. The Government agrees to make reasonable redactions to any Restricted Information to facilitate the Defendant's review of the materials. The Government agrees that it will declassify or redact Restricted Information at the Defendant's request if, in its judgment, the Government believes dissemination and/or redaction will not adversely impact witnesses or victims or result in the dissemination of personal identifying information. The Government agrees to respond to the Defendant's requests to redact or declassify within 72 hours unless the volume of the request prohibits the Government from reasonably responding in that time. Once the Government agrees that the requested Restricted Information may be disseminated, it will be declassified as Restricted Information and no longer subject to this Order. Any redacted materials may be shared with the Defendant and would not be subject to this Order. If the Defendant and the Government cannot agree on whether materials should be declassified, or the timeliness of the decision, the parties may seek relief from the Court in accordance with

this Order.

8.  Defense counsel shall promptly notify the Government and this Court if any Restricted Information is disclosed to anyone not designated by this Order or further order of the Court, either intentionally or unintentionally. Defendant and any defense experts or consultants shall promptly notify defense counsel of any such disclosures.

9.  At the end of these proceedings, including any appellate and post-conviction proceedings, the Defense shall return any discovery containing Restricted Information or marked as subject to this Protective Order and any copies to the Government or certify that such materials have been destroyed. In the event that there is a substitution of counsel prior to when such documents must be returned, new defense counsel must join this Protective Order before any Restricted Information may be transferred from the undersigned defense counsel to the new defense counsel. New defense counsel then will become the defense team's custodian of materials designated subject to the Protective Order and shall then become responsible, upon the conclusion of appellate and post-conviction proceedings, for returning to the Government or certifying the destruction of Restricted Information.

10.  Violation of this Protective Order may be punishable by contempt of court, whatever other sanction the Court deems appropriate, and/or any other legally available sanctions.

**SO STIPULATED:**

By: _/s/ Alexander Wentworth-Ping_    Date: January 16, 2026
Alexander P. Wentworth-Ping
Assistant United States Attorney
Bar Roll Nos. 701897

_____
James Knox
Attorney for Defendant
Bar Roll No. 517109

Date: 1/16/26

_____
Luis Pino-Copete
Defendant

Date: 1-16-26

**IT IS SO ORDERED.**

_____
Hon. Anthony J. Brindisi
United States District Judge

Date: _____